FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

★ JUL 18 2011 ★

------------------------------------------------------------

ALEC GANCI AND LINDSAY GANCI

LONG ISLAND OFFICE

Plaintiffs,

SUMMONS ISSUED

-against-

COMPLAINT

COHEN & SLAMOWITZ, LLP

CV 11 3456

Defendant.

HURLEY, J.

------------------------------------------------------------

Plaintiffs, by and through their attorney, Adam J. Fishbein, as and for their complaint

allege as follows:

TOMLINSON, M

### INTRODUCTION

0.1     This is an action for damages brought by individual consumers for defendant's
violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")
which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### PARTIES

0.2     Plaintiffs are natural persons who reside within this District.

0.3     Upon information and belief, defendant Cohen & Slamowitz, LLP is a collection
agency with its principal location in Nassau County, New York. Defendant is a debt
collector within the meaning of the FDCPA and a limited liability partnership.

### JURISDICTION

0.4     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28
U.S.C. § 1331.

### AS AND FOR A FIRST CAUSE OF ACTION

1.1     Plaintiffs reallege paragraphs 0.1 through 0.4 as if fully restated herein.

1.2     That a personal debt was allegedly incurred by plaintiff Alec Ganci's mother.

1.3     That at a time unknown to the plaintiffs herein, the aforementioned debt was
referred to defendant for collection.

1

1.4   That on or about June 3, 4 and 21 as well on numerous other occasions, the defendant contacted the plaintiffs in order to speak with Joyce Ganci.

1.5   The defendant's representatives were repeatedly told that Joyce Ganci does not reside at that number.

1.6   The plaintiffs requested on numerous occasions that the defendant stop calling their number.

1.7   Obviously, the defendant has a policy of not giving up.

1.8   Obviously, the defendant's collection representatives are given incentives to be as aggressive as possible even to the point of harassing non debtors.

1.9   The plaintiffs are recently married and have found it quite stressful that they are contacted over a debt concerning the husband's mother.

1.10   Plaintiffs suffered from embarrassment, anger and emotional distress and has caused friction between the two of them.

1.11   Plaintiffs suffered emotional distress damages due to the defendant's actions.

1.12   Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a)   The defendant violated 15 U.S.C. § 1692d by harassing the plaintiffs.

1.13   As a result of the above violations of the FDCPA, defendant is liable to the plaintiffs for the sum of plaintiff's statutory and actual damages to be determined at trial, plus costs and attorney's fees.

WHEREFORE, plaintiffs respectfully prays that judgment be entered against defendant in the amount of:

    (a)   Statutory and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

    (b)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (c)   For such other and further relief as may be just and proper.

Dated: Cedarhurst, New York
July 15, 2011

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)

3